IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-cr-00295-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BILLY RAY BULLOCK, JR. | ) |

This cause is before the court on a motion to correct a Pre-Sentence Report ("PSR") filed by Billy Ray Bullock, Jr. ("Bullock"). See [D.E. 84] (citing Fed. R. Civ. P. 60(a)). The Government filed a response in opposition [D.E 88]. For the reasons discussed below, the motion will be denied.

Background:

On May 21, 2013, Bullock pleaded guilty to distribution of 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841. [D.E. 32, 33]. On September 9, 2013, the court sentenced Bullock to, among other things, 150 months' imprisonment. J. [D.E. 41]. Bullock did not appeal.

On June 12, 2017, Bullock, now a federal inmate, filed pro se the instant motion [D.E. 84]. Bullock argues the PSR improperly found he possessed a firearm because the definition of "firearm" under 18 U.S.C. § 921(a)(3) excludes "antique firearm[s]." Id. at 1–2. Bullock alleges the erroneous PSR finding affected his sentencing, his inmate classification, and his post-conviction remedies. Id.

The Government responds that, even if the PSR's firearm reference was erroneous, such an error may not be addressed under Fed. R. Civ. P. 60(a). See Resp. Opp'n [D.E. 88] at 4.

Discussion:

Post-judgment changes to a PSR are limited to corrections of "clerical error[s]." See Fed. R. Crim. P. 32 & 36; see also United States v. Blackmon, 698 F. App'x 113 (4th Cir. 2017) (per

curiam) (unpublished) (discussing similarities between Fed. R. Crim. P. 36 and Fed. R. Civ. P. 60(a)); United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam) (unpublished).

Here, the PSR notes a firearm was recovered in a search of Bullock's residence, and a 2-level increase was applied to his base offense level for possession of a dangerous weapon. See [D.E. 35] at ¶¶ 3, 53 (citing U.S.S.G § 2D1.1(b)(1)). There is no indication that the firearm in question actually was an "antique firearm." See 18 U.S.C. § 921(a)(16) (defining the term "antique firearm").

Assuming the PSR's firearm citation was erroneous, and that the error affects Bullock's post-conviction relief or inmate classification, the error would not be "clerical." See, e.g., United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation . . . ." (citation and quotation marks omitted)).

Although Bullock also argues the PSR's firearm citation affected his sentencing factors, see Mot. [D.E. 84] at 1 (citing 18 U.S.C.§ 3553(a)), Bullock did not raise the "antique firearm" defense in his PSR objections. See PSR [D.E. 35] at 15; see also United States v. Smith, 981 F.2d 887, 891 (6th Cir. 1992) ("[T]he 'antique firearms' exception is an affirmative defense which must be raised by a criminal defendant." (citations omitted)). Moreover, Bullock withdrew his objections to the PSR at sentencing, see [D.E. 40], and did not appeal his conviction or sentence. Thus, Bullock has waived further objection to his PSR. See United States v. Scott, 8 F. App'x 275, 276 (4th Cir. 2001) (per curiam) (citing United States v. Emanuel, 869 F.2d 795, 796 (4th Cir.1989)).

## Conclusion:

For the reasons discussed above, the court DENIES the motion [D.E. 84].

SO ORDERED. This _6_ day of November 2018.

Terrence Boyle
TERRENCE W. BOYLE
Chief United States District Judge